**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDREW B. GIDEA,

                                Plaintiff,                        3:25-cv-0103
                                                                (ECC/ML)

v.

OWEGO POLICE DEPARTMENT, et al.,

                                Defendants.

---

**Appearances:**

Andrew B. Gidea, *Pro Se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Pro se Plaintiff Andrew Gidea commenced this proceeding in the Southern District of New York by the filing of a Complaint, and sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2. On January 10, 2025, Chief United States District Judge Laura Taylor Swain transferred this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a), as the more convenient forum. Dkt. No. 6. This matter was subsequently referred to United States Magistrate Judge Miroslav Lovric who, on December 16, 2025, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed with leave to replead as to certain Defendants and claims. Dkt. No. 8. Plaintiff was informed that he had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. *Id.* at 14. No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing

objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Having reviewed the Report-Recommendation for clear error, the Court adopts Magistrate Judge Lovric's recommendation that the Complaint be dismissed with leave to amend as against Defendant Village of Owego and Defendant Reardon in her individual capacity, for the reasons set forth in the recommendation.  Dkt. No. 8 at 5-8.

The Court also agrees that the Complaint should be dismissed against Defendants Starzek and Parker, with leave to amend to the extent Plaintiff asserts a Fourth Amendment claim for unreasonable search and/or unlawful detention.  As Magistrate Judge Lovric observed, Plaintiff's allegation that these Defendants "entered a dwelling by opening a locked door without a search warrant or probable cause. This led to the Plaintiff being unlawfully detained[,]" lacks minimally sufficient factual detail to support a Fourth Amendment claim.  Dkt. No. 8 at 10-11.  *See, e.g., Keith v. Romain,* No. 5:25-cv-00747 (AMN/PJE), 2026 WL 612677, at *2 (N.D.N.Y. Mar. 4, 2026) (Adopting recommendation to dismiss Fourth Amendment unlawful seizure claim where "Plaintiff had not alleged any details regarding his interactions with [the Defendant] or the events leading up to his purported seizure."); *Besley v. Borden*, No. 21-cv-06754, 2022 WL 1128556, at *3 (W.D.N.Y. Apr. 15, 2022) ("Without knowing any of the circumstances of the search, the Court simply cannot analyze either whether the search without a warrant was unreasonable or whether the search was executed pursuant to one of the exceptions to the Fourth Amendment's warrant requirement.").

The Complaint should also be dismissed against Defendant Fleming with leave to amend. Plaintiff alleges that Defendant Fleming, a dog control officer, "stole" Plaintiff's emotional support animal while Plaintiff was handcuffed to the wall.  Dkt. No. 1 at 5. To the extent Plaintiff

2

asserts a Fourth Amendment unlawful seizure claim predicated on these allegations, they too lack sufficient information to guide the Court in determining whether Defendant Fleming violated Plaintiff's constitutional rights. "The unreasonable removal or killing of a companion animal constitutes an unconstitutional seizure of personal property under the Fourth Amendment." *Newsome v. Bogan*, 795 F. App'x 72, 73 (2d Cir. 2020) (citing *Carroll v. County of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013); *Fabrikant v. French*, 691 F.3d 193, 215-16 (2d Cir. 2012)). "To determine whether a seizure is unreasonable, a court must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion and determine whether the totality of the circumstances justified the particular sort of seizure." *Id.* (quoting *Carroll*, 712 F.3d at 651). Here, Plaintiff's limited allegations as to this claim are too conclusory and speculative to plausibly suggest a Fourth Amendment seizure claim related to his dog, to the extent they fail to describe the circumstances leading up to and surrounding the alleged seizure, and whether his dog has been euthanized. Accordingly, Plaintiff's Fourth Amendment unlawful seizure claim related to his dog is dismissed for failure to state a claim. *See Lettieri v. Gaska*, No. 3:24-cv-0102 (GTS/ML), 2025 WL 2404293, at *8 (N.D.N.Y. Apr. 25, 2025) (recognizing that unreasonable removal of companion animal can constitute a violation of the Fourth Amendment, but dismissing claim where allegations were "too speculative" as to the purported seizure), *report and recommendation adopted*, 2025 WL 2403075 (N.D.N.Y. Aug. 19, 2025), *appeal dismissed* (Oct. 27, 2025).

Finally, the Court agrees that Plaintiff's claims against Defendant Reardon in her official capacity and Defendant Owego Police Department should be dismissed without leave to amend, for the reasons stated in Magistrate Judge Lovric's recommendation. Dkt. No. 8 at 4-5, 8.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, Dkt. No. 8, is **ADOPTED** as set forth in this Memorandum-Decision and Order; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend** as against Defendants Village of Owego, Starzek, Parker, Fleming, and Reardon in her individual capacity; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice but without leave to amend** as against Defendants Owego Police Department and Reardon in her official capacity; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order from the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 11, 2026

Elizabeth C. Coombe
U.S. District Judge

4